# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1479V
UNPUBLISHED

|  |  |
|---|---|
| MELISSA ZIELINSKI,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 14, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 26, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury that was caused by an influenza vaccination in her left deltoid on September 3, 2016. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 8, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for left shoulder injury. On February 13, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $102,960.82, representing $102,500.00 for Petitioner's pain and suffering and $460.82 representing Petitioner's out-of-pocket medical expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>102,960.82</u>, representing $102,500.00 for Petitioner's pain and suffering and $460.82 representing Petitioner's unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
)
MELISSA ZIELINSKI,                     )
                                       )
    Petitioner,                        )    No. 18-1479V   ECF
                                       )
    v.                                 )    Chief Special Master Corcoran
                                       )
SECRETARY OF HEALTH                    )
AND HUMAN SERVICES,                    )
                                       )
    Respondent.                        )
_____ )

## PROFFER ON AWARD OF COMPENSATION[1]

**I.    Procedural History**

On September 26, 2018, Melissa Zielinski ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on September 3, 2016, she suffered from a shoulder injury related to vaccine administration (SIRVA). *See* Petition. On October 1, 2019, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered a left SIRVA as defined by the Vaccine Injury Table within the Table timeframe. On October 8, 2019, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$102,960.82** for all damages, with $102,500.00 representative of her pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering, and $460.82 representative of out-of-pocket medical expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$102,960.82** in the form of a check payable to petitioner.[2]  Petitioner agrees.

            Respectfully submitted,

            JOSEPH H. HUNT
            Assistant Attorney General

            C. SALVATORE D'ALESSIO
            Acting Director
            Torts Branch, Civil Division

            CATHARINE E. REEVES
            Deputy Director
            Torts Branch, Civil Division

            HEATHER L. PEARLMAN
            Assistant Director
            Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                                        */s/Traci R. Patton*  
                                        TRACI R. PATTON  
                                        Senior Trial Attorney  
                                        Torts Branch, Civil Division  
                                        U. S. Department of Justice  
                                        P.O. Box l46, Benjamin Franklin Station  
                                        Washington, D.C.  20044-0146  
                                        Direct dial: (202) 353-1589  

Dated:  February 13, 2020